UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM JOHN GAINES,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF BAKERSFIELD,<br><br>        Defendant. | Case No.: 1:13-cv-01876 - AWI - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 2)<br><br>ORDER STRIKING PLAINTIFF'S EXHIBITS AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

Tim John Gaines ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with an action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff asserts the City of Bakersfield is liable for a violation of his Fourth Amendment right to be free from an unreasonable search. For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. However, because Plaintiff fails to state a cognizable claim, his complaint is **DISMISSED** with leave to amend.

**I.     Motion to proceed in forma pauperis**

The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed Plaintiff's application and has determined his affidavit satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

///

1

## II.     Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner, and identify the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted).  Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than

a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted).  When factual allegations in a complaint are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief.  *Id.*  However, legal conclusions are not entitled to the same assumption of truth.  *Id.*  Leave to amend a complaint may be granted when its deficiencies can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV.     Section 1983 Claims

Plaintiff seeks to proceed in this action under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

### V.      Plaintiff's Factual Allegations

Plaintiff alleges that on October 11, 2013 at 8:10 a.m., Bakersfield Police officers knocked on his front door and inquired whether Plaintiff was suicidal or homicidal. (Doc. 1 at 1.)  In response, Plaintiff said "no." (*Id.*) Officer McCarthy then asked Plaintiff if he had an earache, to which Plaintiff responded he did not. (*Id.*)  According to Plaintiff, Officer McCarthy became angry that Plaintiff would not allow him in the house, and asked if the truck out front belonged to Plaintiff. (*Id.*)  When Plaintiff responded in the affirmative, Officer McCarthy "wrote… a parking ticket and left it on the window of [the] truck" for being parked more than 18 inches off the curb. (*Id.*)

After Plaintiff exited his home, Officer McCarthy's partner explained that "they had received a call from a suicide hotline from Florida stating that [Plaintiff] had an earache and was going to kill [him]self." (Doc. 1 at 1.) Plaintiff assured the officers that he did not call a hotline and was not going to kill himself, and the officers left. (*Id.*)

The next day at 6:12 p.m., Plaintiff noticed a police officer on his front lawn. (Doc. 1 at 1.) Believing he was going to receive another ticket, Plaintiff approached the officers. (*Id.*) Plaintiff alleges that "at this point three male officers came running up with their hands on their side arms [and] searched [Plaintiff] for weapons." (*Id.*) The officers informed Plaintiff they were looking for a person named "Jason Gaines," and that "they had a call from a suicide hotline from Cleveland Ohio." (*Id.*) Again, Plaintiff told the officers he was not suicidal. (*Id.*)

According to Plaintiff, the officers "were very intent on wanting to search [his] house" and he told them "there was no way they were going into [his] house." (Doc. 1 at 1.) Plaintiff asserts Sgt. Degeare and Officer Hernandez "looked at the ground" because they knew they had no right to search Plaintiff's home, but "after about one minute," Sgt. Degeare "looked up and said yeah well we are doing it any way." (*Id.*) Plaintiff asserts that "two male officers drew their fire arms and forced their way into [his] home." (*Id.*) The officers left after searching the home for "about two minutes." (*Id.*)

## VI. Discussion and Analysis

The Fourth Amendment provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." *U.S. Constitution, amend. IV*. Thus, the Fourth Amendment prohibits unreasonable searches by governmental officials. For the protections of the Fourth Amendment to be applicable, an individual must have a reasonable expectation of privacy in the place that is invaded. *Espinosa v. City and County of San Francisco*, 598 F.3d 528, 533 (9th Cir. 2010) (citing *Minnesota v. Carter*, 525 U.S. 83, 88, (1998)). In general, "a search of a home or residence without a warrant is presumptively unreasonable." *Id.* (citing *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1016 (9th Cir. 2008)).

Significantly, however, Plaintiff names only the City of Bakersfield as a defendant in this action. A claim against a local governmental unit for municipal liability requires an allegation that "a

deliberate policy, custom or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir.2007) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978). In this case, Plaintiff failed to allege facts demonstrating the violation of his Fourth Amendment right was caused by a deliberate policy, custom or practice instituted by the City of Bakersfield. At most, Plaintiff seems to attempt to impose liability on the municipality merely because it employed the officers who entered his home. This is insufficient to implicate *Monell* liability, because the municipality may not be held liable on a theory of *respondeat superior*. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir.1993); *Monell*, 436 U.S. at 691 ("a municipality cannot be held liable solely because it employs a tortfeasor"). Therefore, Plaintiff's complaint fails to state a cognizable claim against the City of Bakersfield.

## VII.    Conclusion and Order

A plaintiff should be granted leave to amend when the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle her to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In this case, it is unclear whether Plaintiff may allege facts supporting his claim for violations of the Fourth Amendment. Therefore, the Court will grant leave for Plaintiff to cure the deficiencies identified above by stating facts sufficient to support his claim. The amended pleading must bear the docket number assigned this case and must be labeled "First Amended Complaint."

Plaintiff is advised that the Court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires and amended complaint be "complete in itself without reference to the prior or superseded pleading." In addition, Plaintiff is advised that the Court is not repository for his documents and/or evidence, and no exhibits shall be filed unless associated with a motion or otherwise ordered by the Court. Any exhibits that are filed with the amended pleading will be stricken.

///

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;
2. The exhibits filed with Plaintiff's complaint (Docs. 3-4) are STRICKEN;
3. Plaintiff's Complaint is **DISMISSED** with leave to amend;
4. Plaintiff **SHALL** file a First Amended Complaint within thirty days from the date of service of this Order; and
5. <u>Plaintiff is advised that the action may be dismissed for failure to comply with this Order</u>. *See e.g. Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissing the action for failure to comply with an order requiring amendment of complaint).

IT IS SO ORDERED.

Dated:   **December 17, 2013**           **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE